## United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Wednesday, November 13, 2024**                                                                **Hearing Room    301**

<u>1:30 PM</u>
**1:23-10324    Lisa Fancher**                                                                                          **Chapter 13**
Adv#: 1:23-01026    Mayorga v. Fancher et al

    **#7.00**    Plaintiff's Motion for leave to amend complaint

                             Docket    87

**Judge:**

    The Court will deny the *Motion for Leave to Amend Complaint* (the "Motion") [doc. 87].

    **I. BACKGROUND**

        *A. The Bankruptcy Case and Adversary Proceeding*

    On March 16, 2023, Lisa Fancher ("Defendant") filed a voluntary chapter 13 petition, initiating case no. 1:23-bk-10324-VK. On July 17, 2023, Louis Mayorga ("Plaintiff") filed a complaint against Defendant (the "Complaint") [doc. 1]. The Complaint sought nondischargeability of the debt owed to Plaintiff under 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and (a)(6), and objected to Defendant's discharge under 11 U.S.C. §§ 727(a)(3) and (a)(4).

    On October 2, 2023, Defendant filed a motion to dismiss the Complaint (the "Motion to Dismiss") [doc. 9]. On November 9, 2023, the Court entered an order granting in part and denying in part the Motion to Dismiss [doc. 20]. The order dismissed without prejudice Plaintiff's claims under 11 U.S.C. §§ 523(a)(6), 727(a)(3), 727(a)(4), 727(a)(6), and for fraud or defalcation while acting in a fiduciary capacity under 11 U.S.C. § 523(a)(4).

    On November 30, 2023, Plaintiff filed a *First Amended Complaint* (the "FAC") [doc. 24], requesting nondischargeability of the debt owed to him based on: (1) actual fraud under 11 U.S.C. § 523(a)(2)(A); (2) false representation and false pretenses under 11 U.S.C. § 523(a)(2)(A); and (3) embezzlement under 11 U.S.C. § 523(a)(4). On December 14, 2023, Defendant filed her answer to the FAC [doc. 28].

    On January 3, 2024, the Court entered a *Status Conference and Scheduling Order*

# United States Bankruptcy Court
# Central District of California
## San Fernando Valley
## Victoria Kaufman, Presiding
## Courtroom 301 Calendar

**Wednesday, November 13, 2024**                                                              **Hearing Room   301**

<u>1:30 PM</u>
**CONT...        Lisa Fancher                                                                                   Chapter 13**
[doc. 31], setting the discovery cut-off date as April 1, 2024.

On May 1, 2024, Plaintiff filed a *Motion for Summary Adjudication* ("Plaintiff's MSA") [doc. 42]. Plaintiff's MSA discusses, in relevant part, the applicability of 11 U.S.C. § 1328(a)(4) to Defendant's alleged conduct. *See Plaintiff's MSA*, Section III.F (entitled "Debtor Improperly Seeks to Discharge Claims of Damages In a Civil Action Prohibited by 11 U.S.C. § 1328(a)(4).").

The Court's ruling at the hearing held on July 17, 2024, regarding Plaintiff's MSA [doc. 71] states, in relevant part:

> Plaintiff represents that the evidence of Defendant's "fraudulent concealment and false representations," including the state court's findings in the Statement of Decision, shows that Defendant caused Plaintiff injury in lost earnings and emotional distress. Motion, p. 17. According to Plaintiff, pursuant to section 1328(a)(4), Defendant should not be allowed to discharge this debt. However, Plaintiff has not met his burden of showing that the state court decided that Defendant's conduct was willful or malicious, as required to establish Plaintiff's claim under section 1328(a) (4).
>
> As discussed above, the state court did not make any factual findings regarding "fraudulent concealment and false representations" in the State Court Action. Exhs. A, D and E to the Martorell Decl. Plaintiff has not established that Defendant either subjectively intended to cause injury to Plaintiff or believed that injury was substantially certain to result. *See Grossman*, 538 B.R. at 39 (citing *Su*, 290 F.3d at 1146–47 n.6). On this record, the Court cannot determine that no genuine issues of material fact exist as to whether Defendant's conduct was willful or malicious.
>
> Finally, Plaintiff did not plead this cause of action in the Complaint or the FAC. Until the Motion, Plaintiff had not put Defendant on notice that Plaintiff was asserting a claim for nondischargeability based on section 1328(a)(4). *See OTR Wheel Engineering, Inc.*, 897 F.3d at 1024.

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Wednesday, November 13, 2024**                                                                                           **Hearing Room    301**

<u>1:30 PM</u>
**CONT...    Lisa Fancher                                                                                                          Chapter 13**

> Plaintiff has been represented by counsel during this entire proceeding; it is unclear why Plaintiff did not amend the FAC to include a claim under section 1328(a)(4). With respect to the Motion, the Court will not consider claims that did not appear in the FAC. *See Coleman*, 232 F.3d at 1294.

On July 26, 2024, the Court entered an order denying Plaintiff's MSA [doc. 81].

On July 30, 2024, the Court entered a *Status Conference and Scheduling Order* [doc. 84], setting a pre-trial conference for November 6, 2024. The Court rescheduled the pre-trial conference for November 13, 2024 [doc. 91].

On October 16, 2024, Plaintiff filed a *Proposed Joint Pretrial Stipulation* (the "Pretrial Stipulation") [doc. 88]. In the Pretrial Stipulation, Plaintiff indicated that all discovery is complete and that the parties are ready for trial.

### B.    *The Motion and Response Thereto*

On October 16, 2024, Plaintiff filed the Motion [doc. 87]. In the Motion, Plaintiff requests leave to assert an additional claim for nondischargeability of the debt owed to him based on willful and malicious injury under 11 U.S.C. § 1328(a)(4). On October 30, 2024, Defendant filed an opposition to the Motion (the "Response") [doc. 94].

### II.    DISCUSSION

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a), as incorporated by Fed. R. Bankr. P. 7015. Bankruptcy courts consider four factors to determine whether leave to amend should be granted: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007).

"[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.3d 1393, 1398 (9th Cir. 1986) (citing *M/V American Queen v. San Diego Marine*

# United States Bankruptcy Court
# Central District of California
## San Fernando Valley
### Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Wednesday, November 13, 2024**                                                                                 **Hearing Room    301**

<u>1:30 PM</u>
**CONT...    Lisa Fancher                                                                                                       Chapter 13**

*Construction Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983)) (affirming denial of motion to amend complaint). *See also Ditto v. McCurdy*, 510 F.3d 1070 (9th Cir. 2007) (affirming bankruptcy court's denial of motion for leave to amend complaint to object to defendant's discharge).

Here, the second factor regarding undue delay weighs heavily against granting the Motion. Plaintiff discussed § 1328(a)(4) in Plaintiff's MSA filed on May 1, 2024. Plaintiff filed the Motion more than thirteen months after filing the Complaint, nearly one year after filing the FAC, and approximately six months after filing Plaintiff's MSA. The Motion provides no explanation for such significant delay, following the discovery cutoff date and the Court's setting of a pretrial conference. Accordingly, the Court will not grant Plaintiff with leave to amend the Complaint.

### III.    CONCLUSION

The Court will deny the Motion.

Defendant must submit the order within seven (7) days.

| **Party Information** |
|---|

**Debtor(s):**

    Lisa  Fancher                                                    Represented By
                                                                     James R Selth

**Defendant(s):**

    Lisa  Fancher                                                    Represented By
                                                                      James R Selth

    BMG Rights Management (US)                      Pro Se

**Movant(s):**

    Louis  Mayorga                                                Represented By
                                                                      Eduardo  Martorell

**Plaintiff(s):**

    Louis  Mayorga                                                Represented By

# United States Bankruptcy Court
# Central District of California
San Fernando Valley
Victoria Kaufman, Presiding
Courtroom 301 Calendar

**Wednesday, November 13, 2024**      Hearing Room    301

<u>1:30 PM</u>
**CONT...**     **Lisa Fancher**                                                                **Chapter 13**

                                           Eduardo Martorell

**Trustee(s):**

     Elizabeth (SV) F Rojas (TR)             Pro Se