**MARTORELL LAW APC**
Eduardo Martorell, State Bar No. 240027
EMartorell@Martorell-Law.com
Jesse Belmontes, State Bar No. 342631
JBelmontes@Martorell-Law.com
Playa District
6100 Center Drive, Suite 1130
Los Angeles, CA 90045
Telephone: (323) 840-1200
Facsimile: (323) 840-1300

Attorneys for Plaintiff,
LOUIS "LUICHI" MAYORGA

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>LISA M. FANCHER,<br><br>Debtor,<br><br>LOUIS MAYORGA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LISA FANCHER, an individual doing business as Frontier Records and American Lesion Music; BMG RIGHTS MANAGEMENT (US) LLC, and DOES 2 through 20, inclusive,<br><br>Defendants. | Bankr. No. 1:23-bk-1324-VK<br><br>Chapter 13<br><br>Adversary No. 1:23-ap-01026-VK<br><br>**PLAINTIFF LOUIS MAYORGA'S MOTION IN LIMINE "A" REGARDING PARAGRAPHS 26-28 OF PRETRIAL STIPULATION [DOC. 118]**<br><br>Date: February 13, 2025<br>Time: 1:30 p.m.<br>Courtroom: 301 (via ZoomGov)<br>21041 Burbank Blvd.<br>Woodland Hills, CA 91367 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 13, 2025 at 1:30 p.m., in Courtroom 301 of the above-captioned Court, located at 21041 Burbank Boulevard, Woodland Hills, CA 91367, before the Honorable Victoria S. Kaufman, Plaintiff Louis Mayorga ("Plaintiff" or "Mayorga") will and hereby does move this Court, *in limine*, for an order excluding evidence of, and limiting reference to the "Settlement Agreement" referenced by Defendant Lisa Fancher ("Defendant" or "Fancher") in Paragraphs 26-28 of Plaintiff's Unilateral Pretrial Stipulation [Doc. 118], including but not limited to whether Plaintiff was willing or able to perform under the "Void Settlement Agreement", whether Plaintiff created any condition rendering him unable to perform, and Defendant's attempts to enforce the Void Settlement Agreement in the Superior Court. This Motion is essential to ensure that the focus remains on Defendant's conduct and the ensuing damage she caused to Plaintiff, rather than irrelevant and prejudicial distractions meant to deflect the focus from being on her wrongdoing.

This Motion is brought on the grounds that the purported "Settlement Agreement" has no relevance to the claims at issue in this adversary proceeding under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4). Federal Rule of Evidence 402 requires the exclusion of irrelevant evidence, and Federal Rule of Evidence 403 precludes evidence whose probative value, if any, is substantially outweighed by the risk of undue prejudice, confusion of the issues, or waste of time. Defendant's repeated attempts to litigate the Void Settlement Agreement —despite multiple rulings rejecting such arguments in prior state court proceedings—are baseless and serve only to distract from the issues properly before this Court.

As detailed in the accompanying Memorandum of Points and Authorities, the Void Settlement Agreement was voided by its own terms as of September 6, 2017, a finding confirmed by the Superior Court in denying Defendant's motions to enforce the Agreement — and confirmed once more in sustaining Plaintiff Louis Mayorga's

MARTORELL LAW APC
Litigation & Trial Counsel

demurrer in a baseless action brought by Defendant Fancher to deceptively claim that Mr. Mayorga breached the voided agreement. Defendant's continued misrepresentation of the Agreement's validity and relevance is both unfounded and contrary to established rulings. Permitting the introduction of evidence or argument concerning the Void Settlement Agreement would confuse the issues, result in undue time consumption, unduly burden this Court, and prejudice Plaintiff. Accordingly, to streamline this bench trial and to focus on the issues, Plaintiff brings this Motion in Limine.

This motion is made pursuant to the Court's scheduling order, entered on December 19, 2024, providing that "Plaintiff must file and serve his motion in limine (the "Motion") regarding paragraphs (B)26-29 of the Plaintiff's Unilateral Pretrial Stipulation [doc. 118] by no later than January 23, 2025. [Doc. 126]. This motion will be based on this Notice, the attached Memorandum of Points and Authorities and Declaration of Eduardo Martorell, all records, pleadings and files of this action, and upon such other oral argument and/or documentary evidence as may be presented at the time of hearing. A proposed order on this motion is included.

DATED: January 23, 2025                    **MARTORELL LAW APC**

                                    By: /s/ Eduardo Martorell
                                        Eduardo Martorell
                                        Jesse Belmontes
                                        Attorneys for Plaintiff

MARTORELL LAW APC
Litigation & Trial Counsel

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff brings this Motion in Limine to preclude Defendant from introducing or referencing issues related to a settlement agreement that was voided by its own terms and repeatedly rejected as a viable issue in prior proceedings. These issues are irrelevant to Plaintiff's claims under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4), which focus on Defendant's fraudulent and knowing misconduct, not on the terms or enforceability of a defunct settlement agreement.

The "Void Settlement Agreement," which arose from a Mandatory Settlement Conference in the underlying state court action (referred to in other pleadings as the "Royalties Action") was voided by its own terms for nonpayment as of September 6, 2017. Importantly, the key term within the settlement agreement expressly provided as follows:

> [T]o the extent that the parties fail to reach an agreement regarding transfer, assignment, and waiver, and/**or if payment is not made** by September 6, 2017, then **this stipulation shall be void and of no effect as though it never existed**.

(*See* Declaration of Eduardo Martorell ("Martorell Decl.") at ¶ 2 & Ex. 1.)

Payment was not made and the Void Settlement Agreement therefore expired given it was "void and of no effect as though it never existed." Despite the Agreement's clear terms and expiration, Defendant Fancher chose to embark on a litigious campaign to revive it. On September 6, 2017, Fancher filed an Ex Parte Motion for Entry of Judgment Based on Settlement Agreement, which the court promptly denied without prejudice, finding it to be void. (*See* Martorell Decl. at ¶ 3.) Undeterred, Fancher filed a noticed motion, seeking entry of judgment, the court's interpretation of the Settlement Agreement, enforcement of an alleged judgment, and sanctions against Plaintiff. On October 11, 2017, the court denied this motion as well, again, finding it to be void. (*See* Martorell Decl. at ¶ 3 & Ex. 2.)

Rather than accept the fact the trial court had already rejected her argument *twice*, Fancher escalated her attacks on Mayorga, filing an entirely new and separate action attempting to take action again. She claimed breach of contract, breach of the covenant of good faith and fair dealing, and fraud. (*See* Martorell Decl. at ¶ 4 & Ex. 3.) All of Fancher's claims were premised on the Void Settlement Agreement, which by this point had been definitively determined to be void. Thus, Plaintiff demurred, arguing that the trial court's ruling that the Agreement was void rendered Fancher's claims frivolous. (*See* Martorell Decl. at ¶ 5 & Ex. 4.) The court sustained Mayorga's demurrer, and Fancher responded by filing a First Amended Complaint (FAC), this time alleging that the Void Settlement Agreement stemmed from an earlier "MSC Agreement." (*See* Martorell Decl. at ¶ 6 & Ex. 5.) However, the so-called "MSC Agreement" was found to be merely a record of negotiations leading to the written Void Settlement Agreement, which had expired by its own terms. It was not a separate agreement. Accordingly, Mayorga filed a second demurrer, which the court again sustained. (*See* Martorell Decl. at ¶ 6 & Ex. 6.)

In its ruling, the court both unequivocally affirmed that "the Settlement Agreement expired by its own terms" and that Fancher's FAC failed to plead any factual basis for her fraud claims against Mayorga. (*See* Ex. 6) The court specifically noted that there were "no allegations of misrepresentation of fact at the time the Parties entered into the Settlement Agreement." (*See Ibid*.) Fancher ultimately dismissed her case against Mayorga in its entirety after this second ruling, conceding the frivolous nature of the separate action. (*See* Martorell Decl. at ¶ 6.) Thus, Fancher had the same argument rejected *twice* by the original trial court and a third time by the additional trial court that heard the separate case.

In sum, Fancher has repeatedly, and unsuccessfully, asserted that Plaintiff Mayorga breached the Void Settlement Agreement. Each time, the courts have found her claims to be baseless. Now, in this adversary proceeding, Fancher seeks to resuscitate these tired and disproven allegations a *fourth time*, in what is now a third

action, hoping to distract from her own misconduct, which is the crux of this action and upcoming trial. This Bankruptcy Court, a court of equity, should not permit such irrelevant and prejudicial arguments to enter these proceedings.

Indeed, the Void Settlement Agreement fell apart due to circumstances entirely outside Plaintiff Mayorga's control. Mayorga discovered that his then-counsel had breached his fiduciary duty by secretly involving a third party—another client of the same attorney—to fund the Agreement. (*See* Martorell Decl. at ¶ 7.) This shocking betrayal by his own attorney undermined Mayorga's trust in the process and resulted in a separate malpractice and breach of fiduciary duty claim by Mayorga against that attorney. (*Ibid*.) The fallout from this breach of trust inflicted significant harm on Plaintiff, making it unconscionable for Defendant Fancher to exploit the failed Void Settlement Agreement for her own benefit. Moreover, the record also reveals that Fancher herself objected to the assignment terms included in the Void Settlement Agreement. (*See* Ex. 2 at pg. 2.)

Fancher's attempt to reframe the Void Settlement Agreement as a tool to deflect her own culpability or to imply that Plaintiff contributed to his damages is entirely misplaced. The Agreement has no bearing on Plaintiff's claims in this adversary proceeding, where he seeks to establish that Fancher's debts—incurred through repeated acts of fraud and knowing misconduct—are non-dischargeable under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4). To allow references to the failed Void Settlement Agreement would serve only to confuse the issues, waste time, and prejudice the jury against Plaintiff.

Accordingly, to streamline the issues at trial and prevent undue delay or confusion, this Court should grant Plaintiff's Motion in Limine pursuant to Federal Rule of Evidence 403. This Motion is essential to ensure that the focus remains on Defendant's conduct and the ensuing damage she caused to Plaintiff, rather than irrelevant and prejudicial distractions.

## II. EVIDENCE REGARDING THE SETTLEMENT AGREEMENT IS IRRELEVANT UNDER RULE 402

Federal Rule of Evidence 402 states in pertinent part, "Irrelevant evidence is not admissible." Federal Rule of Evidence 401 provides that "evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *See Huddleston v. U.S.*, 485 U.S. 681, 682–92 (1988). The court has no discretion to admit irrelevant evidence. *U.S. v. Dean*, 980 F.2d 1286, 1288–89 (9th Cir. 1992). Although there may be less possibility for prejudice during a bench trial, "[e]xcluding relevant evidence in a bench trial because it is cumulative or a waste of time is clearly a proper exercise of the judge's power." *Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981).

This adversary proceeding concerns Defendant's fraudulent misconduct, establishing nondischargeability of her debts under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4). The validity or performance of the failed Void Settlement Agreement has no bearing on the elements of these claims. Moreover, the Superior Court's prior rulings conclusively determined that the Settlement Agreement was void as of September 6, 2017. Defendant's attempts to relitigate these issues in this proceeding are not only irrelevant but also an improper collateral attack on final state court decisions. To be sure, Defendant's attempt to inject these issues serves no purpose other than to distract from the substantive issues in this proceeding – a very telling tactic being implemented to divert from focusing on Fancher's clear wrongdoing.

Moreover, this Motion in Limine stands in stark contrast to Defendant's previously denied motion to exclude evidence of the Royalties Action and Statement of Decision, which are directly relevant to Defendant's fraudulent intent. While Defendant sought to shield evidence exposing her further intent to defraud (by failing to provide timely royalty statements to Plaintiff, diverting his attention through misrepresentations, refusing to allow Plaintiff an audit of his records despite Court

order to do so, and her actual failure to do so resulting in contempt), Plaintiff's instant motion seeks to exclude truly irrelevant material: the Parties' prior inability to reach a settlement via an agreement that was almost immediately voided on its own terms.

This adversary proceeding seeks to hold Defendant accountable for her fraudulent actions, conduct that has been repeatedly recognized by prior courts. Defendant should not be permitted to distract from her egregious behavior by introducing irrelevant and prejudicial references to settlement discussions that led to a void agreement – especially because courts have told Defendant the issue is of no consequence three times prior.

### III. THIS COURT MAY EXCLUDE PREJUDICIAL AND TIME-CONSUMING EVIDENCE IN ADVANCE OF TRIAL BY WAY OF AN IN LIMINE MOTION

The Court has the inherent power to grant a motion in limine to exclude evidence that could be objected to at trial. *Luce v. U.S.*, 469 U.S. 38, 41 (1984). Federal Rule of Evidence 403 holds that the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403; *see also Old Chief v. U.S.*, 519 U.S. 172, 180–92 (1997). Although there may be less possibility for prejudice during a bench trial, "[e]xcluding relevant evidence in a bench trial because it is cumulative or a waste of time is clearly a proper exercise of the judge's power." *Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981).

Even if the failed settlement discussions had marginal relevance, which they do not, they are inadmissible under Rule 403. Here, evidence related to the settlement agreement should be excluded because its probative value is substantially outweighed by the dangers of undue delay, confusion, and waste of time:

**Undue Delay and Cumulative Evidence**: Defendant's prior efforts to litigate these issues in state court resulted in dismissal and multiple adverse rulings. Revisiting

these issues would waste time and resources without advancing the resolution of this adversary proceeding.

**Confusion of Issues**: Allowing Defendant to reintroduce rejected claims would confuse the Court and obscure the straightforward question of whether Defendant's debts are nondischargeable.

**Unfair Prejudice:** Evidence of failed settlement efforts could create unfair prejudice by implying that Plaintiff acted unreasonably in pursuing litigation or by shifting focus from Defendant's conduct to irrelevant procedural history. This would mislead the trier of fact and distract from the central issues of fraud and that are the crux of this case. Moreover, the same would be unfair given that courts have *three times prior* held that the settlement agreement is void and also have held Fancher in contempt of court. In other words, it is clear courts have found Fancher to be the unreasonable one, contrary to what she is attempting to demonstrate by discussing the Void Settlement Agreement.

Granting this Motion would prevent these dangers by focusing trial on the claims at hand and preventing Defendant from introducing or referencing evidence of the failed settlement agreement.

## IV. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion and enter an order excluding evidence of and limiting reference to the void "Settlement Agreement" referenced by Defendant Lisa Fancher ("Defendant" or "Fancher") in Paragraphs 26-28 of Plaintiff's Unilateral Pretrial Stipulation [Doc. 118], including but not limited to whether Plaintiff was willing or able to perform under the Settlement Agreement, whether Plaintiff created any condition rendering him unable to perform, and Defendant's attempts to enforce the Settlement Agreement in the Superior Court, as such evidence is irrelevant, prejudicial, and likely to confuse the issues at trial.

Dated: January 23, 2025          **MARTORELL LAW APC**

By: /s/ Eduardo Martorell
Eduardo Martorell
Jesse Belmontes
*Attorneys for* Plaintiff,
*LOUIS "LUICHI" MAYORGA*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Martorell Law APC, 6100 Center Drive, Ste. 1130, Los Angeles, California 90045

A true and correct copy of the foregoing document entitled (*specify*): PLAINTIFF LOUIS MAYORGA'S MOTION IN LIMINE "A" REGARDING PARAGRAPHS 26-38 OF PRETRIAL STIPULATION [DOC. 118] _____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/24/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Elizabeth F Rojas (TR): cacb_ecf@ch13wla.com
James R Selth on behalf of Defendant Lisa Fancher: jselth@wztslaw.com, jselth@yahoo.com;maraki@wztslaw.com; sfritz@wztslaw.com; cliu@wztslaw.com
United States Trustee (SV): ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/24/2025 | Jessica Sotolongo | /s/ Jessica Sotolongo |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                    **F 9013-3.1.PROOF.SERVICE**