Case 1:23-ap-01026-VK    Doc 197    Filed 04/10/25    Entered 04/10/25 14:24:33    Desc
Main Document    Page 1 of 7

**FILED & ENTERED**

APR 10 2025

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** Pgarcia **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>LISA FANCHER,<br><br>      Debtor. | Case No.: 1:23-bk-10324-VK<br><br>Chapter 13<br><br>Adv. No.: 1:23-ap-01026-VK<br><br>**MEMORANDUM OF DECISION RE: ADMISSIBILITY OF TESTIMONY OF WAYNE GREENE** |
| LOUIS MAYORGA,<br><br>      Plaintiff,<br><br>  v.<br><br>LISA FANCHER, an individual doing business as Frontier Records and American Lesions Music, and BMG RIGHTS MANAGEMENT (US) LLC,<br><br>      Defendants. | Trial:<br>Date:    March 24-28, 2025<br>Time:   10:00 a.m.<br>Place:   Courtroom 301<br>          21041 Burbank Blvd.<br>          Woodland Hills, CA 91367<br><br>Closing Arguments:<br>Date:    April 17, 2025<br>Time:   2:00 p.m.<br>Place:   Courtroom 301<br>          21041 Burbank Blvd.<br>          Woodland Hills, CA 91367 |

This memorandum decision sets forth this Court's findings of fact and conclusions of law regarding the admissibility of the testimony of Wayne Greene in the above-captioned adversary proceeding. Following trial and post-trial briefing by the parties, the Court concludes that the testimony must be excluded. A separate order will follow.

## I. BACKGROUND

### A. The Royalties Action

Louis Mayorga ("Plaintiff") is a former member of the band Suicidal Tendencies, for which he wrote and performed music. *Joint Pretrial Stipulation*, Section A, ¶ 1 [doc. 155]. In April 1983, Plaintiff, along with other members of Suicidal Tendencies, entered into a recording agreement (the "Recording Agreement") with Lisa Fancher dba Frontier Records and dba American Lesion Music ("Defendant"), for their self-entitled debut album, "Suicidal Tendencies." *Id.*, ¶ 2.

On December 8, 2016, Plaintiff filed a complaint against Defendant and others in the Superior Court of California, County of Los Angeles (the "State Court"), initiating case no. BC643234 (the "Royalties Action"). *Id.*, ¶ 6. In an amended complaint filed in the Royalties Action, Plaintiff asserted claims for: (1) breach of contract; (2) accounting; and (3) fraud and concealment. *Id.*, ¶ 7. The claims arose from a dispute related to the Recording Agreement.

In March 2021, the State Court held a bench trial in which it found that Plaintiff had a right under the Recording Agreement to digital streaming royalties and that Defendant breached the Recording Agreement by failing to pay Plaintiff his digital streaming royalties. *Id.*, ¶ 9.

### B. The Bankruptcy Case and Adversary Proceeding

On March 16, 2023, Defendant filed a voluntary chapter 13 petition, initiating case no. 1:23-bk-10324-VK. On November 30, 2023, Plaintiff filed a *First Amended Complaint* (the "FAC") [doc. 24], requesting nondischargeability of the debt owed to him based on: (1) actual fraud under 11 U.S.C. § 523(a)(2)(A); (2) false representation and false pretenses under 11 U.S.C. § 523(a)(2)(A); and (3) embezzlement under 11 U.S.C. § 523(a)(4).

On November 6, 2024, the parties filed a *Proposed Joint Witness List* [doc. 100-2]. The witness list states, in relevant part:

| Name | Party Calling | Description of Testimony |
|---|---|---|
| Wayne Greene | Defendant | Royalty accounting, payments, calculations of royalties |

*Proposed Joint Witness List* [doc. 100-2].

On November 18, 2024, the Court entered an *Order Setting: (1) Continued Pretrial Conference and Related Deadlines; and (2) Trial* (the "Trial Order") [doc. 114]. The order provides, in relevant part:

> **[N]o later than December 16, 2024**, each party must disclose to the other party, in accordance with Fed. R. Civ. P. 26(a)(2): (1) the identity of any witnesses the party may use at trial to present evidence under Fed. R. Evid. 702, 703 or 705, if any; and (2) any such witness' written report. In addition, **no later than January 10, 2025**, the parties may serve on opposing counsel rebuttal expert reports. Finally, the deadline for discovery related to expert witnesses is **January 31, 2025**.

(emphasis in original).

On March 5, 2025, Defendant filed a *Trial Witness Declaration of Wayne L. Greene* (the "Greene Declaration") [doc. 166]. The Greene Declaration states, in relevant part:

> I am a freelance consultant experienced in music business matters and have been employed for various tasks for Debtor and Defendant Lisa Fancher ("Defendant") since 2018. **I was retained as her expert in the [Royalties Action].**
>
> The Superior Court Case was filed by Plaintiff on December 8, 2016. In or about 2018, **I was engaged by Defendant to help calculate royalties for Frontier Records** ("Frontier"). From that point on, **I was engaged throughout the remainder of the [Royalties Action] and its related proceedings in the [State] Court, and was engaged to calculate royalties in Defendant's bankruptcy case was filed in 2023.**

*Greene Declaration*, ¶¶ 2, 4 [doc. 166] (emphasis added). The remainder of the Greene Declaration outlines the different processes that Mr. Greene used to calculate the royalties that Defendant owed Plaintiff and to generate statements for Plaintiff, including his use of Excel spreadsheets and pivot tables. *Id.*, ¶¶ 6-12. Mr. Greene concludes his declaration by opining that "the net total owed to [Plaintiff] for the period 2012 [to] 2022 is $31,116.01," which he believes

is "orders of magnitude less than what Plaintiff demanded" and that "Plaintiff is entitled to a few thousand dollars at most...." *Id.*, ¶¶ 12-13.

On March 12, 2025, Plaintiff filed an objection to the Greene Declaration [doc. 177], in which Plaintiff seeks to exclude Mr. Greene's testimony on the basis that Defendant did not comply with the Trial Order and the expert witness disclosure requirements set forth in Fed R. Civ. P. 26(a)(2).

At trial, Plaintiff cross-examined Mr. Greene. Defendant moved to admit the Greene Declaration into evidence. The Court ordered the parties to file supplemental briefing regarding the admissibility of Mr. Greene's testimony. On April 4, 2024, Plaintiff and Defendant filed their supplemental briefs [docs. 195 and 196].

## II.  LEGAL STANDARDS

Fed. R. Civ. P. 26(a)(2) (Disclosure of Expert Testimony) provides, in relevant part:

(A) *In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

(B) *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Evid. ("Rule") 701 (Opinion Testimony by Lay Witnesses) provides:

If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:

   (a) rationally based on the witness's perception;

   (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

   (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Rule 702 (Testimony by Expert Witnesses) provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

   (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

   (b) the testimony is based on sufficient facts or data;

   (c) the testimony is the product of reliable principles and methods; and

   (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

The advisory committee's notes to Rule 701 state, in relevant part:

Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing. Under the amendment, a witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702. *See generally Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190 (3d Cir. 1995). By channeling testimony that is actually expert testimony to Rule 702, the amendment also ensures that a party will not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 ... by simply calling an expert witness in the guise of a layperson. *See* Joseph, *Emerging Expert Issues Under the 1993 Disclosure Amendments to the Federal Rules of Civil Procedure*, 164 F.R.D. 97, 108 (1996) (noting that "there is no good reason to allow what is essentially surprise expert testimony." and that "the Court

should be vigilant to preclude manipulative conduct designed to thwart the expert disclosure and discovery process"). ...

The amendment does not distinguish between expert and lay *witnesses*, but rather between expert and lay *testimony*. Certainly it is possible for the same witness to provide both lay and expert testimony in a single case. ... The amendment makes clear that any part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702 and the corresponding disclosure requirements of the Civil ... Rules.

The amendment is not intended to affect the "prototypical example[s] of the type of evidence contemplated by the adoption of Rule 701 relat[ing] to the appearance of persons or things, identity, the manner of conduct, competency of a person, degrees of light or darkness, sound, size, weight, distance, and an endless number of items that cannot be described factually in words apart from inferences." *Asplundh Mfg. Div. v. Benton Harbor Eng' g*, 57 F.3d 1190, 1196 (3d Cir. 1995).

For example, most courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert. *See, e.g., Lightning Lube, Inc. v. Witco Corp*. 4 F.3d 1153 (3d Cir. 1993) (no abuse of discretion in permitting the plaintiff's owner to give lay opinion testimony as to damages, as it was based on his knowledge and participation in the day-to-day affairs of the business). Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business. The amendment does not purport to change this analysis.

The amendment incorporates the distinctions set forth in *State v. Brown*, 836 S.W.2d 530, 549 (1992), a case involving former Tennessee Rule of Evidence 701, a rule that precluded lay witness testimony based on "special knowledge." In *Brown*, the court declared that the distinction between lay and expert witness testimony is that lay testimony "results from a process of reasoning familiar in everyday life," while expert testimony "results from a process of reasoning which can be mastered only by specialists in the field."

Fed. R. Evid. 701, advisory committee's note to 2000 amendment.

### III.    ANALYSIS

Because Defendant offered Mr. Greene's testimony as a layperson witness and not an expert, Mr. Greene's "testimony in the form of an opinion is limited to one that is ... not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c).

The entirety of the Greene Declaration concerns expert testimony rebutting the testimony of Plaintiff's expert regarding the amount of damages that Defendant caused Plaintiff to suffer. Mr. Greene was designated as Defendant's expert witness in the Royalties Action that preceded this adversary proceeding. Mr. Greene's knowledge of royalty accounting, payments and calculations of royalties was not gained by virtue of his position as an owner or officer of Frontier Records.

To permit Mr. Greene to testify would allow Defendant to evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 and the Trial Order by simply calling Mr. Greene, an expert witness, in the guise of a layperson.

## IV. CONCLUSION

Because Defendant did not comply with the Trial Order and the expert witness disclosure requirements set forth in Fed R. Civ. P. 26(a)(2), and because Mr. Greene's testimony does not comply with Rule 701(c), the Court will sustain Plaintiff's objection to the Greene Declaration [doc. 177] and exclude from evidence the Greene Declaration [doc. 166] and the testimony of Mr. Greene given at trial. A separate order will follow.

### #

Date: April 10, 2025

Victoria S. Kaufman
United States Bankruptcy Judge